Irene T. DEHETRE and Marcellin G.
Dehetre, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. Nos. 1011, 1012.

United States District Court,
D. Maine, S. D.

Feb. 8, 1955.

As Amended Feb. 15, 1955.

Douglas P. MacVane, John M. Curley, Portland, Maine, for plaintiffs.

Peter Mills, U. S. Atty., Portland, Maine, Francis E. Day, Asst. U. S. Atty., Bangor, Maine, for defendant.

CLIFFORD, District Judge.

These two actions were brought individually by the husband, Marcellin G. Dehetre, and his wife, Irene T. Dehetre, under the provisions of the Federal Tort Claims Act, so-called, Title 28, U.S.C.A. §§ 1346(b), and 2671 et seq., and by agreement were tried together.

The facts as found by this Court are as follows: The plaintiffs, husband and wife, were living on a small farm eleven or twelve miles northeasterly from Portland, at the time of this action. In the late afternoon of December 31, 1952, Mrs. Dehetre, accompanied by three of her four children, drove from their farm to Union Wharf, in Portland, Maine, where her husband was employed. Shortly before 5:00 o'clock, her husband left his work, entered the car in the driver's seat, and drove the automobile

to Rudy's Market, a grocery store, on Washington Avenue in Portland, for the purpose of purchasing groceries for the holidays. He parked his car on the right-hand side of the street, in front of the market, close to the curb, facing in a northwesterly direction.

It was then shortly after 5:00 o'clock in the afternoon. The car lights were on. Mrs. Dehetre got out of the automobile, went into the grocery store, purchased a substantial amount of groceries, and returned to the automobile with the groceries in her arms. The rear door of the automobile was open at this time. Upon reaching the automobile, she placed her right foot in the car with her left foot on the sidewalk, with the intention of placing the groceries on the rear seat of the automobile. Her head and shoulders were inside the automobile, and she was bending forward to pass the groceries to her son, when suddenly, and without warning, the left front fender and bumper of the plaintiffs' automobile was struck a sharp blow, causing it to be jerked forward a foot or more. This forward motion resulted when the defendant's employee, while driving defendant's mail truck, and acting within the scope of his employment, attempted to park the mail truck in a vacant parking space immediately in front of the plaintiff's automobile. He turned to his right too sharply and abruptly and struck the left front fender and bumper of plaintiff's automobile. It was his intention to park the mail truck near the defendant's postal substation, immediately adjacent to Rudy's Market, for the purpose of picking up mail at this station. The plaintiff, Mrs. Dehetre, was thrown off balance and immediately thereafter felt a sharp, intense pain in her right leg and in the lower part of her back. She was unable to lower her right leg to the sidewalk.

Mrs. Dehetre saw the defendant's truck for the first time when her husband, assisted by the employee of the defendant, and others, were attempting to disengage the two vehicles which were then locked together.

Shortly thereafter, she complained of her pain and was assisted into the front seat of the automobile by her husband and son. They then proceeded to their farm home in the Town of North Yarmouth, Maine. Upon arrival at her home, heating pads were applied to her back and she rested on the couch, believing that she had suffered only a slight wrench or strain.

Although the husband, Marcellin G. Dehetre, was not injured, his automobile was somewhat damaged at the front end.

■ It is to the credit of the United States Attorney, who appeared for the defendant, that he did not seriously contend that the employee of the defendant was not negligent in the operation of his mail truck, or that either or both of these plaintiffs were guilty of contributory fault. In the opinion of this Court, the evidence is conclusive that the defendant operated his mail truck in a careless and negligent manner and that his negligence was the sole proximate cause of the injuries and damages sustained by these plaintiffs, and that these plaintiffs were in the exercise of due care.

The only issue seriously contested by the parties is whether or not Mrs. Dehetre's congenital back condition was aggravated by this accident and, if so, to what extent.

Previous to the time of this accident, Mrs. Dehetre was a strong, energetic, hard-working woman, 37 years of age with a life expectancy of 31 years. She was able to do strenuous, laborious work over a long period of time. During these years, she never had any trouble with her back nor was she confined to her house because of any serious illness, with the exception of those occasions when she gave birth to her four children. Her work record amply supports this conclusion. Briefly stated, it is as follows: As one of a large family of children, it was necessary for her to start working at the age of thirteen years to help support her family. Very early in her life, she worked racking bread

at the A & P Bakery for a period of three years. This involved the use of her hands, back, and legs, and required her to walk and remain constantly on her feet. For a period of nineteen months she worked in a woolen mill in Lawrence, Massachusetts, and this work required the use of her hands and legs. She was employed in the west yard of the South Portland Ship Building Company during the war for a period of three years. While in the shipyard, she worked as a welder, tacker, and then a shipfitter, which required her working in the holds of the vessels where she was employed. She later worked in an airplane factory in Connecticut for some period of time.

At the farm home in North Yarmouth, she planted the garden and took care of its cultivation. Corn, tomatoes, carrots, and other vegetables were raised, and she was accustomed to carry the vegetables in bushel baskets from the garden to her home located some distance away. The home was without running water and nearly all of the water used in her household was carried by her in pails from a well located some fifty yards distant from the house. She did her own laundry, ironing, and cooking, and performed many other incidental household duties.

Following the accident, she was confined to her bed for from three to ten days at a time. Later she did work intermittently, for a period of three weeks at the Brown Company, sardine packers, in Portland. She had to give up this work because of the pain she suffered as a result of the condition of her back. Since the accident she has been unable to do her housework, with the exception of light cooking. She has been extremely nervous, irritable, and difficult to live with since December 31, 1952. At the time of the accident, she weighed 176 pounds and at the time of the trial of this case, approximately two years later, she weighed 140 pounds.

Mrs. Dehetre was examined, treated, or advised by the following named physicians and surgeons: Dr. Arthur B. Woodman; Dr. C. H. Keating, an Osteopathic Physician; Dr. Edward G. Asherman, her attending physician who examined her on February 20, 1953, and April 21, 1953, and has continued occasional treatment of her until the present time; Dr. Morris E. Goldman, Orthopedic Surgeon, Lewiston, Maine, who, acting for the defendant, made a thorough examination of Mrs. Dehetre on October 11, 1954; Dr. Ralf Martin, a physician, specializing in internal medicine, who examined Mrs. Dehetre on August 12, 1954, at the request of Dr. Asherman; Dr. George Maltby, a Neurologist who, at the request of the defendant, examined her on June 22, 1954; Dr. Thomas A. Martin, Orthopedic Surgeon, who, likewise at defendant's request, examined Mrs. Dehetre in May of 1953 and again on February 9, 1954.

The complaints made by Mrs. Dehetre to all of these physicians were consistent. She stated to them that on the day following the accident she was unable to bend over; that she felt a lump in the right lower area of the back; that she still suffers pain in the right lower back with radiation of the pain down her right lower extremeties; that she has pain in the cervical spine between the shoulder blades; that there is radiation of pain occasionally to the right foot region; that the pain is spasmodic, occurring on and off for a week at a time; that she is nervous and shaky and has been confined to her bed for as long as ten days at a time; that she occasionally has nausea and vomiting spells; that she has lost about thirty pounds; and that whenever she has a cold it settles in her back.

All of the physicians were in accord that Mrs. Dehetre had a congenital anomoly, known as spondylolisthesis. This type of anomoly is not too uncommon and is frequently diagnosed following a relatively minor injury during the third or fourth decades of life. If the accident had not occurred she might have gone many years before her back would have

bothered her, and she might never have been bothered from this back condition during her lifetime.

They were all agreed that she had no functional disturbances that would be responsible for her suffering, and from the medico-legal point of view, Mrs. Dehetre's underlying condition was definitely aggravated by the twisting and strain of her accident, and that this painful condition will continue as long as she lives unless an operation be performed successfully. In support of his opinion in this regard, Dr. Asherman testified that he occasionally found deep muscle spasm. It was also their opinion that she will be obliged to wear an orthopedic corset for the remainder of her life unless a successful fusion operation is performed. Should this operation be performed, she would be hospitalized for several weeks, and it would be approximately nine months before she would be able to engage in any real physical activity. Dr. Asherman testified that a fair estimate of the cost of such an operation would be twenty-five hundred dollars ($2,500), and if unsuccessful a second operation would be necessary and would cost the same amount. It was the opinion of all of these physicians that surgery is successful in about eighty percent of the cases.

Conservative treatment was advised by Dr. Thomas Martin. He stated, however, that he did not believe she would be able to properly carry on this conservative treatment in her home. He felt that the only way in which she would gain relief by such conservative treatment would be by confinement, in a hospital, under supervision and discipline. He strongly advised against her submitting to an operation on her back and it was his opinion that no mention should be made to her of an operation due to her highly neurotic and nervous condition. Dr. Asherman was in accord with the judgment of Dr. Thomas Martin, both in regard to the operation and treatment prescribed by him. Dr. Goldman, however, believed that surgery should be performed and that would result in a cure in her case.

The medical expenses were relatively small, and the amount of property damage to the automobile was, likewise, of a nominal amount.

■ Under all the facts and circumstances of this case, this Court is of the opinion that the plaintiff, Irene T. Dehetre is entitled to judgment against the United States in the amount of $9,000 as fair and just compensation for the extreme pain and discomfort which she has suffered and will continue to suffer as a result of this accident.

■ Likewise, this Court is of the opinion that plaintiff, Marcellin G. Dehetre, is entitled to judgment against the United States in the amount of $2,750 as fair and just compensation for his medical, hospital, and surgical expenses which his said wife has required and will require in the future, and for the loss of the comfort and consortium of his said wife which will long continue.

It is therefore Ordered, Adjudged and Decreed that in Civil No. 1011 plaintiff Irene T. Dehetre do have and recover, and she is hereby awarded judgment against the said defendant, United States of America for the sum of $9,000, and for such costs as may be legally taxed.

It Is Further Ordered that John M. Curley, Esq., and Douglas P. MacVane, Esq., attorneys for said plaintiff shall together be entitled to 20% of the amount recovered as reasonable attorneys' fees, said fees to be paid out of but not in addition to the amount of judgment.

It is further Ordered, Adjudged and Decreed that in Civil No. 1012 plaintiff Marcellin G. Dehetre do have and recover, and he is hereby awarded judgment against the defendant, United States of America for the sum of $2,-750, and for such costs as may be legally taxed.

It Is Further Ordered that John M. Curley, Esq., and Douglas P. MacVane, Esq., attorneys for said plaintiff shall together be entitled to 20% of the amount

recovered as reasonable attorneys' fees, said fees to be paid out of but not in addition to the amount of judgment.

It is further ordered that judgments be entered forthwith in accordance with the above orders.